**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** FERGUSON ENTERPRISES, INC., a Virginia
*(AVISO AL DEMANDADO):* corporation; WOLSELEY INVESTMENTS, INC., a
Virginia corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** RAYMOND CONNER, on behalf of
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* himself and all others similarly
situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

DEC 0 4 2017

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
     Ricardo Perez

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER *(Número del Caso):* **BC685654**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David G. Spivak, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436                                    818-582-3086

DATE: DEC 0 4 2017        SHERRI R. CARTER        Clerk, by _____, Deputy
*(Fecha)*                                              *(Secretario)*   RICARDO PEREZ   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
WestLaw Doc & Form Builder

16:47:37 2017-12-01

EXHIBIT A
PAGE 14

1   DAVID G. SPIVAK (SBN 179684)
    david@spivaklaw.com
2   THE SPIVAK LAW FIRM
    16530 Ventura Blvd., Ste. 312
3   Encino, CA 91436
    Telephone (818) 582-3086
4   Facsimile (818) 582-2561

5

6   Attorney for Plaintiff,
    RAYMOND CONNER, and all others similarly situated
7   (Additional Counsel on Following Page)

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF LOS ANGELES
                           *(UNLIMITED JURISDICTION)*

11

**FILED**
Superior Court of California
County of Los Angeles

DEC 0 4 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
        Ricardo Perez

| | |
|---|---|
| 12  RAYMOND CONNER, on behalf of himself and all others similarly situated, | Case No.: **BC685654** |
| 13 | **INDIVIDUAL AND CLASS ACTION** |
| 14      *Plaintiff(s),* | |
| 15            vs. | **COMPLAINT FOR:** |
| 16  FERGUSON ENTERPRISES, INC., a Virginia corporation; WOLSELEY INVESTMENTS, INC., a Virginia corporation; and DOES 1 through 50, inclusive, | 1.  Failure to Pay All Wages for All Hours Worked at the Correct Rates of Pay (Lab. Code, §§ 510, 1194, 1197, 1198); |
| 17 | 2.  Failure to Provide Meal and Rest Periods (Lab. Code, §§ 226.7, 512, 1198); |
| 18 | 3.  Failure to Provide Accurate Written Wage Statements (Lab. Code, § 226(a)); |
| 19      *Defendant(s).* | 4.  Failure to Timely Pay All Final Wages (Lab. Code, §§ 201-203); |
| 20 | 5.  Unfair Competition (Bus. & Prof. Code, § 17200 et seq.); |
| 21 | 6.  Retaliation (Lab. Code, § 98.6); |
| 22 | 7.  Retaliation (Lab. Code, § 1102.5); and |
| 23 | 8.  Wrongful Termination in Violation of Public Policy. |
| 24 | |
| 25 | **JURY TRIAL DEMANDED** |
| 26 | |
| 27 | |
| 28 | |

**SPIVAK LAW**
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

1

*Conner v. Ferguson Enterprises, Inc., et al.*                                    Class Action Complaint

Doc# 1 Page# 2 - Doc ID = 1720037271 - Doc Type = OTHER

CIT/CASE: BC685654
LEA/DEF#:

RECEIPT #: CCH521665012
DATE PAID: 12/05/17 10:36 AM
PAYMENT: $435.00 310
RECEIVED:

| | |
|---|---|
| CHECK: | $0.00 |
| CASH: | $0.00 |
| CHANGE: | $0.00 |
| CARD: | $435.00 |

D322 Hon. William F. Highberger

CIT/CASE: BC685654
LEA/DEF#:

RECEIPT #: CCH521665013
DATE PAID: 12/05/17 10:44 AM
PAYMENT: $1,000.00 310
RECEIVED:

| | |
|---|---|
| CHECK: | $0.00 |
| CASH: | $0.00 |
| CHANGE: | $0.00 |
| CARD: | $1,000.00 |

12/07/2017

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ADDITIONAL ATTORNEY FOR PLAINTIFF**

WALTER HAINES (SBN 71075)
        whaines@uelglaw.com
UNITED EMPLOYEES LAW GROUP
5500 Bolsa Ave., Suite 201
Huntington Beach, CA 92649
Telephone:     (562) 256-1047
Facsimile:     (562) 256-1006

**S P I V A K   L A W**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

2

*Conner v. Ferguson Enterprises, Inc., et al.*                    Class Action Complaint

16:47:37 2017-12-01

1    Plaintiff, RAYMOND CONNER (hereafter "Plaintiff"), on behalf of himself and all

2    others similarly situated, complains and alleges as follows:

3                                    **INTRODUCTION**

4        1.      Plaintiff brings this class action based on alleged violations of the California

     Labor Code, Industrial Welfare Commission Order No. 7-2001 (hereafter "the Wage Order"),

5    and the Business and Professions Code against Defendants FERGUSON ENTERPRISES, INC.,

6    WOLSELEY INVESTMENTS, INC., and Does 1-50, inclusive (collectively "Defendants").

7        2.      As set forth in more detail below, Plaintiff alleges that Defendants are liable to

8    him and other similarly situated current and former non-exempt hourly employees in California

9    for unpaid wages and other related relief. These claims are based on Defendants' alleged

10   failures to: (1) pay all wages for all hours worked at the correct rates of pay, including, but not

11   limited to, overtime hours, (2) provide all meal and rest periods, (3) provide accurate written

12   wage statements, (4) timely pay final wages upon termination of employment, (5) fairly

13   compete. Defendants are also liable to Plaintiff for retaliation and wrongful termination.

14   Accordingly, Plaintiff now seeks to recover unpaid wages, compensatory damages, penalties,

     and related relief through this class action.

15                             **JURISDICTION AND VENUE**

16       3.      This Court has subject matter jurisdiction because the aggregate claims of

17   Plaintiff and class members, inclusive of all relief, place more than $25,000 in controversy.

18       4.      There is no basis for federal question subject matter jurisdiction in this case.

19   Specifically, Plaintiff asserts claims on behalf of himself and class members that solely arise

20   under California law rather than federal law.

21       5.      There is also no basis for federal diversity jurisdiction in this case.

22       6.      Venue is proper in Los Angeles County pursuant to California Code of Civil

23   Procedure sections 395(a) and 395.5 in that liability arose in Los Angeles County because at

24   least some of the transactions that are the subject matter of this Complaint occurred therein

     and/or because each defendant is found, maintains offices, transacts business, and/or has an

25   agent therein.

26                                       **PARTIES**

27       7.      Plaintiff is a resident of Bakersfield, California. In or about May of 2011,

28   Defendants hired Plaintiff as a counter representative for its store located on 1161 East Artesia

**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 2561 Fax
SpivakLaw.com

3

*Conner v. Ferguson Enterprises, Inc., et al.*                    Class Action Complaint

**EXHIBIT A**

**PAGE 18**

Blvd., Carson, California 90746. Over the course of his employment, Defendants promoted Plaintiff to inside sales representative and counter manager. Defendants compensated each position on a biweekly basis at an hourly rate of pay. Defendants terminated Plaintiff's employment on or about May 22, 2017.

8.    Defendant FERGUSON ENTERPRISES, INC. is a corporation organized under the laws Virginia and also a citizen of California based on Plaintiff's information and belief.

9.    Defendant WOLSELEY INVESTMENTS, INC. is a corporation organized under the laws of Virginia and also a citizen of California based on Plaintiff's information and belief.

10.    Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

11.    Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

12.    At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiff and the other members of the below-described class in accordance with applicable California labor laws as alleged herein.

13.    Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

**CLASS ACTION ALLEGATIONS**

14.    This action has been brought and may be maintained as a class action pursuant to

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

4

*Conner v. Ferguson Enterprises, Inc., et al.*                    Class Action Complaint

Doc# 1 Page# 5 - Doc ID = 1720037271 - Doc Type = OTHER

EXHIBIT A
PAGE 19

California Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable class defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

15. **Class Definition:** The class is defined as follows: All individuals Defendants employed in California as non-exempt hourly employees at any time during the period beginning four years prior to the filing of this action and ending on the date that final judgment is entered in this action, including, but not limited to, counter representatives, inside sales representatives, and counter managers.

16. **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses and/or by limitation to particular issues.

17. **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

18. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A. Whether Defendants failed to pay all wages earned to class members for all hours worked at the correct rates of pay, including, but not limited to, overtime hours?

B. Whether Defendants failed to provide the class with all meal and rest periods as required by the Wage Order?

C. Whether Defendants failed to pay the class one hour's pay for each workday in which it failed to provide them with one or more timely rest breaks?

D. Whether Defendants failed to pay Plaintiff and the class one hour's pay for each workday in which it failed to provide them with one or more meal periods?

E. Whether Defendants failed to pay Plaintiff and the class at 1 ½ times their regular rate of pay when they worked in excess of 8 hours in a workday and/or over 40 hours in a week?

F. Whether Defendants knowingly and intentionally failed to provide the

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

5

*Conner v. Ferguson Enterprises, Inc., et al.*        Class Action Complaint

16:47:37 2017-12-01

Doc# 1 Page# 6 - Doc ID = 1720037271 - Doc Type = OTHER

EXHIBIT A
PAGE 20

class with accurate wage statements?

        G.    Whether Defendants willfully failed to provide the class with timely final wages?

        H.    Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code section 17200, et seq., with respect to the class?

19.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code and the Business and Professions Code as alleged herein.

20.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

21.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

22.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

/ / /

/ / /

**SPIVAK LAW**
Employee Rights Attorneys
16530 Ventura Blvd, Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

6

*Conner v. Ferguson Enterprises, Inc., et al.*                         Class Action Complaint

## FIRST CAUSE OF ACTION

### FAILURE TO PAY FOR ALL HOURS WORKED AT THE CORRECT RATES OF PAY

### (Lab. Code, §§ 510, 1194, 1197, 1198)

### (By Plaintiff and the Class against Defendants)

23.    Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

24.    At all relevant times, Plaintiff and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of the California Labor Code sections 510, 1194, 1197, and 1198 and the Wage Order.

25.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

26.    In relevant part, Section 3 of the applicable Wage Order states,

(A) Daily Overtime - General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

27.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

7

Doc# 1 Page# 8 - Doc ID = 1720037271 - Doc Type = OTHER

EXHIBIT A
PAGE  22

employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

28.     In relevant part, Labor Code section 510 states,

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

29.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

30.     Labor Code section 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

31.     With respect to off-the-clock work, the FLSA regulations, which are encompassed within California's definition of hours worked, provide:

[I]t is the duty of management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.

(29 C.F.R. § 785.13; see also *Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 585 [ruling that employers must compensate non-exempt employees for "off-the-clock" work if the employers knew or should have known that the employees were working those hours].)

32.     At all relevant times during the applicable limitations period, Defendants failed to compensate Plaintiff and the class for all hours worked, including, but not limited to, the work they performed during their off-the-clock meal periods and overtime hours accrued while working off the clock.

33.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and the class members with respect to working conditions and compensation arrangements.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

8

*Conner v. Ferguson Enterprises, Inc., et al.*                                        Class Action Complaint

34.    As a result of Defendants' unlawful conduct, Plaintiff and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period.

35.    Pursuant to Labor Code section 1194, Plaintiff, on behalf of himself and the other class members, seeks to recover unpaid wages, liquidated damages in amounts equal to the amounts of unpaid wages, interest thereon, and awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

<u>SECOND CAUSE OF ACTION</u>

**FAILURE TO PROVIDE MEAL AND REST PERIODS**

**(Lab. Code §§ 226.7, 512, 1198)**

**(By Plaintiff and the Class against Defendants)**

36.    Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

37.    At all relevant times during the applicable limitations period, Plaintiff and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code sections 226.7, 512, and 1198 and the Wage Order.

38.    Labor Code section 1198 states:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

39.    In relevant part, Labor Code section 512 states:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

40.    In relevant part, section 11 of the Wage Order states:

///

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

9

*Conner v. Ferguson Enterprises, Inc., et al.*                    Class Action Complaint

16:47:37 2017-12-01

Doc# 1 Page# 10 - Doc ID = 1720037271 - Doc Type = OTHER

EXHIBIT A
PAGE 24

## Meal Periods

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

. . .

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

41.    In relevant part, section 12 of the Wage Order states:

## Rest Periods

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

42.    In addition, Labor Code section 226.7 states:

(b)    An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)    If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

10

Conner v. Ferguson Enterprises, Inc., et al.                    Class Action Complaint

43.     Pursuant to the Labor Code and the Wage Order, Plaintiff and the class were entitled to uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours.

44.     Pursuant to the Wage Order, Plaintiff and the class were entitled to net rest periods of at least 10 minutes for each four-hour period of work or major fraction thereof.

45.     Defendants have intentionally and improperly failed to provide all timely and uninterrupted rest breaks and/or meal periods to Plaintiff and the class as required by law. Additionally, Plaintiff's managers instructed him and the class to clock out and continue working, including help with customers, during their meal periods. Defendants required an employee/class member to staff the counter at all times and did not have sufficient employees to cover the employees at the counter in order for them to take rest breaks and meal periods. Further, Defendants' managers alter time records of Plaintiff and the class to show periods clocked out for meals even when they did not take a meal break. Defendants failed to pay class members premium wages at their regular rates of pay on workdays it failed to provide them with required rest and meal periods.

46.     Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants failing to provide Plaintiff and the class: meal periods, rest periods, and premium wages for all workdays they failed to provide Plaintiff and the class a meal or rest period.

47.     As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid premium wages owed for all workdays Defendants failed to provide a meal or rest period to them.

48.     By reason of the above, Plaintiff and the class are entitled to premium wages for workdays in which one or more meal or rest period was not provided to them pursuant to California Labor Code section 226.7.

/ / /

/ / /

/ / /                    16:47:37 2017-12-01

/ / /

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

#### (Lab. Code, § 226)

#### (By Plaintiff and the Class against Defendants)

49. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

50. At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code section 226.

51. Pursuant to California Labor Code section 226, subdivision (a), Plaintiff and the class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing:

A.    Gross wages earned,

B.    Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission,

C.    The number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

D.    All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

E.    Net wages earned.

F.    The inclusive dates of the period for which the employee is paid,

G.    The name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

H.    The name and address of the legal entity that is the employer, and

I.    All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

52. Pursuant to California Labor Code section 226, subdivision (e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or $50 for the initial pay

**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd, Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

12

_Conner v. Ferguson Enterprises, Inc., et al._                                              Class Action Complaint

16:47:37 2017-12-01

period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000, and is entitled to an award of costs and reasonable attorneys' fees.

53. Pursuant to California Labor Code section 226, subdivision (e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code section 226, subdivision (a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A. The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code section 226, subdivision (a);

B. Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period;

C. The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period; and

D. The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

54. "Promptly and easily determine," as stated in California Labor Code section 226, subdivision (e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

55. As a result of the violations stated above, Defendants failed to provide Plaintiff and the class with itemized written wage statements that accurately stated all wages earned, including minimum, overtime, doubletime, premium wages, and all hours worked.

56. Defendants' failure to provide Plaintiff and the class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate. Defendants altered Plaintiff and the class' time records to avoid paying them premium wages and overtime hours.

57. As a result of being provided with inaccurate wage statements by Defendants,

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

13

*Conner v. Ferguson Enterprises, Inc., et al.*                                    Class Action Complaint

16:47:37 2017-12-01

Doc# 1 Page# 14 - Doc ID = 1720037271 - Doc Type = OTHER

EXHIBIT A
PAGE 28

1  Plaintiff and the class have suffered injury. Their legal rights to receive accurate wage

2  statements were violated and they were misled about the amount of wages they had actually

3  earned and were owed. In addition, the absence of accurate information on their wage

4  statements: prevented immediate challenges to Defendants' unlawful pay practices, has required

5  discovery and mathematical computations to determine the amounts of wages owed, has caused

6  difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the

7  submission of inaccurate information about wages to state and federal government agencies.

   Further, Plaintiff and the class were not able to ascertain from the wage statements whether

8  Defendants complied with their obligations under California Labor Code section 226,

9  subdivision (a).

10      58.    Pursuant to California Labor Code section 226, subdivision (e), Plaintiff and the

11  class are entitled to recover the greater of actual damages, or penalties of $50 for the initial pay

12  period in which a violation of California Labor Code section 226, subdivision (a) occurred and

13  $100 for each violation of California Labor Code section 226, subdivision (a) in a subsequent

    pay period, not to exceed an aggregate penalty of $4,000, and are also entitled to an award of

14  costs and reasonable attorneys' fees.

15                          **FOURTH CAUSE OF ACTION**

16                          **WAITING TIME PENALTIES**

17                          **(Lab. Code, §§ 201-203)**

18               **(By Plaintiff and the Class against Defendants)**

19      59.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

20      60.    At all relevant times during the applicable limitations period, Plaintiff and the

21  class have been non-exempt employees of Defendants and entitled to the benefits and

22  protections of California Labor Code sections 201 to 203 and the Wage Order.

23      61.    Labor Code section 201 provides that all earned and unpaid wages of an

    employee who is discharged are due and payable immediately at the time of discharge.

24      62.    Labor Code section 202 provides that all earned and unpaid wages of an

25  employee who quits after providing at least 72-hours notice before quitting are due and payable

26  at the time of quitting and that all earned and unpaid wages of an employee who quits without

27  providing at least 72-hours notice before quitting are due and payable within 72 hours.

28      63.    By failing to pay all wages to Plaintiff and the class, including minimum,



**SPIVAK LAW**
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

14

*Conner v. Ferguson Enterprises, Inc., et al.*                    Class Action Complaint

Doc# 1 Page# 15 - Doc ID = 1720037271 - Doc Type = OTHER

EXHIBIT A
PAGE 29

overtime, doubletime, and premium wages, Defendants failed to timely pay them all earned and unpaid wages in violation of Labor Code section 201 or 202.

64.    Labor Code section 203 provides that the wages of an employee continue on a daily basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages to the employee in accordance with Labor Code section 201 or 202.

65.    Plaintiff is informed and believes that Defendants' failure to timely pay Plaintiff and the class all of their earned and unpaid wages have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order even though, at all relevant times, they have had the ability to comply with those legal requirements. Defendants altered Plaintiff and the class' time records to avoid paying them premium wages and overtime hours. Plaintiff complained to Defendants' manager about their violations, yet Defendants ignored his complaints.

66.    Pursuant to Labor Code section 203, Plaintiff seeks waiting time penalties on behalf of himself and the class in amounts subject to proof not to exceed 30 days of waiting time penalties.

## FIFTH CAUSE OF ACTION
### UNFAIR COMPETITION
### (Bus. & Prof. Code, § 17200 et seq.)
### (By Plaintiff and the Class against Defendants)

67.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

68.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code section 17200 et seq.

69.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of California Business & Professions Code section 17200 et seq. Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages and provide them with all meal and rest periods according to California law.

70.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the class have suffered injuries in fact and lost money or property. Plaintiff and the class were

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Sto. 312
Encino, CA 91436
(818) 583-3066 Tel
(818) 582-2561 Fax
SpivakLaw.com

15

*Conner v. Ferguson Enterprises, Inc., et al.*                    Class Action Complaint

deprived of minimum wages, overtime wages, doubletime wages, premium wages for all workdays a meal or rest period was not provided, and unpaid wages resulting from not being provided with accurate wage statements.

71.    Pursuant to California Business & Professions Code section 17203, Plaintiff and the class are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

72.    Plaintiff and the class are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine.

## SIXTH CAUSE OF ACTION
### RETALIATION
### (Lab. Code § 98.6)
### (By Plaintiff individually against all Defendants)

73.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

74.    According to Labor Code section 98.6, subdivision (a), a person shall not discharge an employee because the employee has filed a bona fide complaint or claim relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because of the exercise of any right afforded him or her.

75.    Defendants terminated Plaintiff for objecting to conduct that violated the California Labor Code, namely his April 2017 verbal complaint to a manager that he was not receiving meal and rest periods, and for his April 2017 verbal complaint that he made to Human Resources that Defendants' managers changed their employees' time entries in the timekeeping database to falsely reflect that they received their meal periods before the end of the fifth hour of their work shift. This is a clear violation of California Labor Code § 98.6(a).

76.    Pursuant to Labor Code sections 98.6(b), Plaintiff is entitled to reinstatement and reimbursement for lost wages and work benefits in addition to $10,000 for Defendants' violation.

///

**SPIVAK LAW**
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

16

*Conner v. Ferguson Enterprises, Inc., et al.*                    Class Action Complaint

### SEVENTH CAUSE OF ACTION

### RETALIATION

### (Lab. Code § 1102.5)

#### (By Plaintiff individually against all Defendants)

77.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

78.    According to Labor Code section 1102.5, subdivision (b),

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, ... to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

79.    According to Labor Code section 1102.5, subdivision (c), an employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

80.    Defendants terminated Plaintiff for objecting to conduct that violated the California Labor Code by terminating him for his complaint that Defendants required him and other class members to work without timely rest and meal periods, and that Defendants changed Plaintiff and class members' log times to misrepresent that their meal periods were taken in compliance with the California Labor Code. This is a violation of California Labor Code § 1102.5.

81.    Pursuant to Labor Code sections 1102.5(f) and 1105, Plaintiff is entitled to actual damages and $10,000 for Defendants' violation.

### EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (By Plaintiff individually against all Defendants)

82.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

83.    The state and federal statutes and case law recited below embody fundamental,

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

17

*Conner v. Ferguson Enterprises, Inc., et al.*                    Class Action Complaint

1  substantial, and well-established public policies of the United States and State of California. By

2  the above-described misconduct, Defendants violated these fundamental, substantial, and well-

3  established public policies:

4        A.    Pursuant to Labor Code §§ 6300 and 6400, *et seq.*, employers are

5  required to provide their employees with safe and healthful working conditions and place of

6  employment.

7        B.    Section 2 of the Wage Order defines "hours worked" as which an

8  employee is subject to the control of an employer, and includes employee is suffered or

9  permitted to work, whether or not required to do so."

10       C.    Section 4 of the applicable Wage Order requires an employer to pay

11 nonexempt employees at least the minimum wage set forth therein for all hours worked, which

12 consist of all hours that an employer has actual or constructive knowledge that employees are

13 working.

14       D.    Pursuant to California Labor Code § 512 and Wage Order § 11,

15 employers are required to provide their hourly, non-exempt employees with an uninterrupted

16 thirty (30) minute meal period for every five hours worked.

17       E.    Pursuant to the Wage Order § 12, employers are required to provide their

18 hourly, non-exempt employees with net rest periods of at least ten (10) minutes for each four (4)

19 hour work period, or major portion thereof during any given workday. "the time during all the

20 time the required to pay meal period and

21       F.    Pursuant to California Labor code section 226.7, employers owe their

22 hourly, non-exempt employees one (1) additional hour of wages for each rest and/or meal

23 period not provided in accordance with the Wage Order and Labor Code.

24       G.    In relevant part, California Labor Code § 510 states,

25              Any work in excess of eight hours in one workday and any work in
26              excess of 40 hours in any one workweek and the first eight hours worked
                on the seventh day of work in any one workweek shall be compensated at
27              the rate of no less than one and one-half times the regular rate of pay for
                an employee. Any work in excess of 12 hours in one day shall be
28              compensated at the rate of no less than twice the regular rate of pay for an

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

18

*Conner v. Ferguson Enterprises, Inc., et al.*                                   Class Action Complaint

employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

H.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

I.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

J.    Labor Code section 1198 makes it unlawful for an employer to employ an employee under conditions that violate the applicable Wage Order.

K.    According to Labor Code section 98.6, subdivision (a), a person shall not discharge an employee because the employee has made a written or oral complaint that he or she is owed unpaid wages or because of the exercise of any right afforded him or her.

L.    According to Labor Code section 1102.5, subdivision (b), an employer shall not retaliate against an employee for disclosing information to a person with authority over the employee who has the authority to correct the violation if the employee has reasonable cause to believe that the information "discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

M.    According to Labor Code section 1102.5, subdivision (c), an employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

N.    Pursuant to Labor Code section 226(a), employees are entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

O.    Labor Code sections 201 to 204 require that employers timely pay their

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

19

_Conner v. Ferguson Enterprises, Inc., et al._                            Class Action Complaint

1   employees all earned wages during their employment and at the time such employment ends.

2          P.      An employee has a cause of action for wrongful discharge in violation of

3   public policy when he or she is terminated for refusing to violate a state or federal law. *See*

4   *Green v. Ralee Eng. Co.* (1998) 19 Cal.4th 66, 87-88 (78 Cal.Rptr.2d 16); *see also Grant-*

5   *Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1372 (122 Cal.Rptr.2d 204).

6          Q.      The prompt payment of earned wages to an employee is a fundamental

7   public policy. *See Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137, 1147

8   (37 Cal.Rptr.2d 718).

9          R.      In *Franklin v. Monadnock Co.* (2007) 151 Cal.App.4th 252, 260, the

10  court stated, "An employer may not discharge an at will employee for a reason that violates

11  fundamental public policy. This exception is enforced through tort law by permitting the

12  discharged employee to assert against the employer a cause of action for wrongful discharge in

13  violation of fundamental public policy."

14         84.     Defendants terminated Plaintiff's employment for his complaint that Defendants

15  changed his and other class members' log times to misrepresent that their meal periods were

16  taken in compliance with the California Labor Code, and that Defendants failed to provide him

17  and the class timely meal and rest periods.

18         85.     WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them,

19  for:

20         A.      All actual, consequential and incidental financial losses, including but not

21  limited to loss of earnings, according to proof, together with prejudgment interest pursuant to

22  Civil Code section 3287 and/or 3288;

23         B.      General damages in a sum in excess of the jurisdictional minimum of the

24  Superior Court, including compensatory damages for emotional distress and humiliation;

25         C.      Attorneys' fees pursuant to Code of Civil Procedure section 1021.5, or

26  any other provision allowed by law or any other provision allowed by law;

27         D.      Expert witness fees pursuant to Code of Civil Procedure section 998, or

28  any other provision allowed by law;

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

20

*Conner v. Ferguson Enterprises, Inc., et al.*                                    Class Action Complaint

16:47:37 2017-12-01

1    E.    Prejudgment interest pursuant to Code of Civil Procedure section 998 and

2    Civil Code § 3287(a);

3    F.    Costs of suit;

4    G.    Punitive damages in a sum in excess of the jurisdictional minimum of the

5    Superior Court;

6    H.    Back pay for Plaintiff;

7    I.    Front pay for Plaintiff; and

8    J.    Such other and further relief as the court deems proper.

9

10   **PRAYER FOR RELIEF**

11   86.    WHEREFORE, Plaintiff, on behalf of himself and the class, prays for relief and

12   judgment against Defendants as follows:

13   A.    An order that the action be certified as a class action with respect to

14   Plaintiff's claims for violations of California law;

15   B.    An order that Plaintiff be appointed class representative;

16   C.    An order that counsel for Plaintiff be appointed class counsel;

17   D.    Unpaid wages;

18   E.    Liquidated damages;

19   F.    Statutory penalties;

20   G.    Declaratory relief;

21   H.    Actual damages;

22   I.    Restitution;

23   J.    Pre-judgment interest;

24   K.    Costs of suit;

25   L.    Reasonable attorney's fees; and

26   M.    Such other relief as the Court deems just and proper.

27   ///

28   ///

///

///

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

21

Conner v. Ferguson Enterprises, Inc., et al.                              Class Action Complaint

16:47:37 2017-12-01

Doc# 1 Page# 22 - Doc ID = 1720037271 - Doc Type = OTHER

EXHIBIT A
PAGE 36

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted.

THE SPIVAK LAW FIRM

Dated: November 29, 2017

By_____

DAVID SPIVAK, Attorney for Plaintiff,
RAYMOND CONNER, and all others similarly
situated

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

22

*Conner v. Ferguson Enterprises, Inc., et al.*                                    Class Action Complaint

16:47:37 2017-12-01

Doc# 1 Page# 23 - Doc ID = 1720037271 - Doc Type = OTHER

(Page 24 of 29)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David G. Spivak, Esq.    SBN: 179684<br>THE SPIVAK LAW FIRM<br>16530 Ventura Blvd., Suite 312, Encino, CA 91436<br>TELEPHONE NO.: 818-582-3086    FAX NO.: 818-582-2561<br>ATTORNEY FOR (Name): Raymond Conner | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>DEC 04 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By,                          Deputy<br>Ricardo Perez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: RAYMOND CONNER v. FERGUSON ENTERPRISES, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC685654**<br><br>JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel    e. [X] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [X] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): eight (8)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 27, 2017

David G. Spivak, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |

16:47:37 2017-12-01

**EXHIBIT A**
**PAGE 38**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the type of case that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
    Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (non-domestic relations)
    Sister State Judgment
    Administrative Agency Award (not unpaid taxes)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
    Declaratory Relief Only
    Injunctive Relief Only (non-harassment)
    Mechanics Lien
    Other Commercial Complaint Case (non-tort/non-complex)
    Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                                        Page 2 of 2

**EXHIBIT A**
**PAGE 39**

| SHORT TITLE: CONNER v. FERGUSON ENTERPRISES, INC., et al. | CASE NUMBER: BC685654 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

| | |
|---|---|
| 1. Class actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in central district. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Mandatory personal injury filing in North District. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)                **CIVIL CASE COVER SHEET ADDENDUM**                Local Rule 2.3
LASC Approved 03-04                **AND STATEMENT OF LOCATION**                Page 1 of 4

(Page 27 of 29)

| SHORT TITLE: CONNER v. FERGUSON ENTERPRISES, INC., et al. | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

Local Rule 2.3
Page 2 of 4

16:47:37 2017-12-01

EXHIBIT A
PAGE 41

| SHORT TITLE: CONNER v. FERGUSON ENTERPRISES, INC., et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)                **CIVIL CASE COVER SHEET ADDENDUM**                Local Rule 2.3
LASC Approved 03-04                **AND STATEMENT OF LOCATION**                Page 3 of 4

16:47:37 2017-12-01

Doc# 1 Page# 28 - Doc ID = 1720037271 - Doc Type = OTHER

EXHIBIT A
PAGE 42

| SHORT TITLE: CONNER v. FERGUSON ENTERPRISES, INC., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: |  ADDRESS: |
|---|---|
| ☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 1161 East Artesia Blvd. |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Carson | CA | 90746 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: November 27, 2017 _____

_____
SIGNATURE OF ATTORNEY/FILING PARTY

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

16:47:37 2017-12-01