1  DAVID G. SPIVAK (SBN 179684)
       david@spivaklaw.com
2  CAROLINE TAHMASSIAN (SBN 285680)
3      caroline@spivaklaw.com
   THE SPIVAK LAW FIRM
4  16530 Ventura Blvd., Suite 312
5  Encino, CA 91436
   Telephone (818) 582-3086
6  Facsimile (818) 582-2561
7
8  Attorneys for Plaintiff,
   RAYMOND CONNER, and all others similarly situated
9
10 (Additional Counsel on Following Page)
11
## UNITED STATES DISTRICT COURT
12
## CENTRAL DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| RAYMOND CONNER, as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004,<br><br>*Plaintiff(s)*,<br><br>vs.<br><br>FERGUSON ENTERPRISES, INC., a Virginia corporation; ~~WOLSELEY INVESTMENTS, INC., a Virginia corporation~~; and DOES 1 through 50, inclusive,<br><br>*Defendant(s).* | Case No.: 2:18-cv-504 VAP (MRWx)<br><br>**STIPULATION OF SETTLEMENT AND RELEASE; [PROPOSED] ORDER THEREON; DECLARATION OF DAVID SPIVAK; AND EXHIBITS IN SUPPORT THEREOF**<br><br>Hon. Virginia A. Phillips<br>U.S. District Court Judge<br>Courtroom 8A, 8th Floor |

1

## ADDITIONAL ATTORNEY FOR PLAINTIFF

WALTER HAINES (SBN 71075)
    whaines@uelglaw.com
UNITED EMPLOYEES LAW GROUP
5500 Bolsa Ave., 201
Huntington Beach, CA 92649
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

## ATTORNEYS FOR DEFENDANTS

LESLIE L. ABBOTT (SBN 155597)
    leslieabbott@paulhastings.com
CHRIS A. JALIAN (SBN 295564)
    chrisjalian@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant,
FERGUSON ENTERPRISES, INC.

## I. INTRODUCTION

By this stipulation and pursuant to Labor Code § 2699(l), Raymond Conner ("Plaintiff" or "Conner"), on the one hand, and Ferguson Enterprises, Inc. ("Defendant") (collectively, the "Parties"), on the other, seek an order approving the Parties' PAGA settlement in this action in the amount of $200,000 ($100,000 as penalties; 75% of which is to be paid to the State of California Labor and Workforce Development Agency ("LWDA") and $100,000 as Plaintiff's counsel's attorneys' fees and costs); and an agreement by Defendant to distribute a reminder about the availability of meal and rest breaks to currently-employed Aggrieved Employees, as more fully set forth below. This document with its supporting exhibits is referred to below as "the Stipulation."

## II. RECITALS

A. Defendant employed Conner as an hourly counter manager, counter representative, and inside sales representative from approximately May of 2011 to May 22, 2017, to work at its branch stores located in Carson, Redondo Beach, and Bakersfield, California.

B. Plaintiff filed his lawsuit on December 4, 2017 in the Superior Court for the State of California, County of Los Angeles, Case No. BC685654 as a putative class action alleging (i) failure to pay wages, (ii) failure to provide meal and rest periods, (iii) failure to provide accurate written wage statements, (iv) failure to timely pay all final wages, (v) unfair competition. Plaintiff also alleged individual claims for retaliation and wrongful termination.

C. On December 18, 2017, Plaintiff filed a First Amended Complaint that asserted an additional class cause of action for civil penalties under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698 *et seq.*

D. Plaintiff served the lawsuit on Defendant on December 20, 2017 and filed Proofs of Service of Summons on December 29, 2017.

E. On January 18, 2018, Defendant filed an Answer to Plaintiff's Complaint which included Defendant's denial of all of Plaintiff's claims. The Answer also contained several affirmative defenses to Plaintiff's claims.

F. On January 19, 2018, Defendant filed a Notice of Removal and removed Plaintiff's lawsuit to this Court.

G. On April 16, 2018, pursuant to a stipulation between the Parties, the Court entered an order (1) permitting filing of a Second Amended Complaint; (2) dismissing Defendant Wolseley Investments, Inc. from the lawsuit; and (3) dismissing without prejudice allegations that Defendant violated Labor Code Sections 212 and 221. The Second Amended Complaint has only one claim, civil penalties under the PAGA (the "PAGA Claim").

H. In the PAGA Claim, Plaintiff, with regard to himself and Defendant's other California hourly employees who were employed at any time during the period October 12, 2016 to the date this Court approves this Stipulation ("the PAGA Period"), contends that Defendant (1) failed to pay all wages for all hours worked at the correct rates of pay, including, but not limited to, overtime hours, (2) failed to provide all meal and rest periods, (3) failed to provide accurate written wage statements, and (4) failed to timely pay wages during employment and upon termination of employment. The Defendant's other hourly employees during the PAGA Period are referred to below as "the Aggrieved Employees." Plaintiff also alleges that Defendant is liable for retaliation and termination of his employment in violation of the Labor Code. On October 12, 2017, Conner notified the California Labor and Workforce Development Agency ("LWDA") in writing of these claims against Defendant.

I. Defendant denies any liability or wrongdoing of any kind whatsoever associated with the lawsuit and the PAGA Claim, and further denies that, for any purpose other than settling the lawsuit, the *Conner* lawsuit is appropriate for

4

representative treatment. It is the desire of the Parties to fully, finally, and forever compromise, and discharge all claims known or unknown related to those alleged in Conner's lawsuit.

J. On July 12, 2015, the Parties participated in mediation with David Rotman, an experienced wage and hour and representative action mediator. In advance of the mediation, the Parties conducted significant investigation of the facts and law both before and after this lawsuit was filed. Such discovery and investigation have included, *inter alia,* the production and analysis of information, including Defendant's policies and time and payroll records. Counsel for the Parties have further investigated the applicable law as applied to the facts discovered regarding Plaintiff's claims, the defenses thereto, and the Labor Code violations claimed by Plaintiff. In advance of mediation, Defendant provided evidence of its compliance with California's Labor Code, including time and payroll records and written policies.

K. The settlement of Plaintiff's PAGA Claim involves the following non-monetary relief to all currently employed Aggrieved Employees, and payment of civil penalties and distribution to Conner, his attorneys, and the State of California:

1. Defendant, although maintaining that its policies, procedures and practices did not violate any section of the California Labor Code or any applicable Industrial Welfare Commission Wage Order, agrees to provide the following non-monetary relief to all currently employed Aggrieved Employees: Within 30 days of the Effective Date, defined below, Defendant shall distribute to all currently employed Aggrieved Employees, their direct supervisors and their Branch Managers the memorandum reminding them of Aggrieved Employees' rights to meal periods and rest breaks under Defendant's policies (the "Meal and Rest Period Reminder"). The Meal and Rest Period Reminder will further provide instructions for any employee who believes he or she is not provided a meal or rest

period that complies with Defendant's policies.

        2.      In addition to the non-monetary relief, Defendant will also pay $200,000 under this Stipulation allocated as follows: (1) civil penalties Plaintiff ($25,000), and the State of California ($75,000); and (2) attorneys' fees and costs to Plaintiff's counsel ($100,000).[1] The Parties stipulate that the allocation of this settlement fund among Plaintiff, the State of California, and Plaintiff's counsel is fair, just, reasonable, adequate, and equitable to all concerned, is the product of good faith, and informed arms-length negotiations between the Parties consistent with public policy and fully comply with applicable provisions of law.

    L.    Based on their own independent investigations and evaluations, the Parties and their respective counsel are of the opinion that the settlement for the consideration and on the terms set forth in this Stipulation are fair, reasonable and adequate and are in the best interests of Conner, the State, and Defendant in light of all known facts and circumstances and the risks inherent in litigation, including the potential appellate issues.

    M.    The Parties further recognize that the issues presented in the PAGA Claim are likely only to be resolved with extensive and costly pretrial and trial proceedings, and that further litigation will cause inconvenience, distraction, disruption, delay, and expense disproportionate to the maximum potential benefits.

## III.    FAIRNESS OF THE SETTLEMENT

    A.    While the Conner lawsuit is a representative action, the Parties are not

---

[1] David Spivak of the Spivak Law Firm and Walter Haines of the United Employees Law Group have at all times represented Conner and the Aggrieved Employees. As of August 15, 2018, Conner's counsel had incurred at least $129,290.86 in attorney fees and at least $17,914.06 in costs. Conner's counsel anticipates that their fees and costs will rise significantly by the conclusion of all matters related to this Stipulation. Plaintiff's counsel presents a summary of their fees and costs in this matter as of August 15, 2018 as "**Exhibit 1.**" Plaintiff's counsel will make their billing records in this matter available to the Court for review upon request.

obligated to follow the class action procedural rules of Rule 23 of the Federal Rules of Civil Procedure in PAGA cases and therefore do not need to follow the class action procedures for obtaining approval of this settlement. *Arias v. Superior Court (Angelo Dairy)*, 46 Cal.4th 969 (2009).

B.  For the PAGA Claim, this Court will decide the civil penalties award (if any) by determining (1) the number of "aggrieved" employees and assigning a sum of money per each pay period in which the Labor Code rights of the employees were violated during the PAGA Period. *Thurman v. Bayshore Transit Management, Inc.*, 203 Cal. App. 4th 1112, 1135-36 (2012). Conner contends that each of the Aggrieved Employees experienced either an overtime or a minimum wage violation each pay period as a result of unauthorized timecard modifications. Conner also contends that each of the Aggrieved Employees suffered rest and meal period violations each pay period. Finally, Conner contends that each of the Aggrieved Employees suffered violations of their rights under the Labor Code to complete itemized wage statements, and timely payment of wages during and at the conclusion of their employment.[2]

C.  Plaintiff contends that the civil penalty statutes applicable to the PAGA Claim are Labor Code §§ 210, 226.3, 558, 1197.1, and 2699(f)(2). Under these civil penalty statutes, an employee who suffers a Labor Code violation, may be awarded a sum of money for each pay period in which he was underpaid. However, under Labor Code § 2699(e)(2), the Court can reduce an award of civil penalties if the award is unjust, arbitrary, oppressive, or confiscatory. Under the PAGA, stipulations of settlement and release require Court approval and submission to the LWDA ("The superior court shall review and approve any settlement of any civil action filed

---

[2] Plaintiff's counsel's investigation has not uncovered any proof that the State of California has cited Defendant for Labor Code violations.

7

pursuant to this part. The proposed settlement shall be submitted to the agency at the same time that it is submitted to the court").[3]

     D.    Under the civil penalty formulas applicable under PAGA, Conner estimated before mediation that the maximum possible civil penalty award is $18 million.[4] Defendants dispute Plaintiff's estimated maximum possible civil penalty. Plaintiff's estimate presumes that the Court will (1) find Defendant liable for the maximum possible civil penalty under every conceivable civil penalty statute for every paycheck Defendant issued to the Aggrieved Employees and (2) not reduce the penalty award as unjust, arbitrary, oppressive, or confiscatory. This is an extremely unlikely result. Also, it fails to take into account the following significant risks that could determine liability and the extent of a civil penalties award (if any):

     1.    Defendant's evidence demonstrating that Plaintiff's allegations of timecard alteration were highly individualized and not representative of a systemic issue.

     2.    Defendant's written policies for the PAGA Period prohibiting off the clock work and complying with the State's requirements for providing meal and rest periods.

     3.    Defendant has no requirement that employees work during meal or rest periods.

     4.    The Aggrieved Employees were offered the opportunity to waive meal periods for shifts of less than six hours.

     5.    Plaintiff's analysis of a random sample of Defendant's time and payroll records for the Aggrieved Employees show only about 4% of the work shifts

---

[3] Presumably, this provision permits parties to a PAGA claim in federal district court to seek review and approval from such court instead of a California Superior Court.

[4] At all times, Defendant paid the Aggrieved Employees on a biweekly basis (24 pay periods per year). Defendant issued approximately 31,000 paychecks to the Aggrieved Employees during the PAGA Period.

8

exceeding six hours show a technically late or short meal period, but such records do not explain whether such meals were or were not voluntarily late or short.

      6.    Defendant at all times in the PAGA period made available break premiums and paid a significant amount in premium wages.

      7.    An inconsequential number of work shifts of the Aggrieved Employees qualify for second meal periods or third rest periods.

      8.    There is no written evidence that Plaintiff complained of meal and rest period violations.

      9.    The Court could determine that the lawsuit is unmanageable as a representative action in view of the large number of the Aggrieved Employees, managers, and work sites concerned.

      10.    Defendant had significant defenses to Plaintiff's retaliation allegations.

  E.    It was recognized in the negotiations that because Defendant had significantly complied with the wage and hour laws at issue before the lawsuit was filed and before the PAGA notice was sent, a trial judge would not likely award a significant amount of penalties.

  F.    Additionally, no published California appellate decision has determined that civil penalties can be assessed multiple times ("stacked") within the same pay period for each separate Labor Code violation. Further, Plaintiff's counsel are not aware of any civil penalty awards in PAGA actions for more than a few hundred thousand dollars.

  G.    The settlement of the PAGA Claim involves non-monetary relief to all currently employed Aggrieved Employees, and payment of civil penalties and distribution to Conner, his attorneys, and the State of California.

  H.    Under PAGA, wages recovered as a civil penalty pursuant to Labor Code § 558 shall be paid to the affected employee, while the non-wage portion of

the civil penalty shall be divided 25% to the affected employee who initiated the lawsuit and 75% to the LWDA. *Cunningham v. Leslie's Poolmart, Inc.*, No. CV 13-2122 CAS (CWx), 2013 U.S. Dist. LEXIS 90256, 2013 WL 3233211, at *7 (C.D. Cal. Jun. 25, 2013) ("a PAGA plaintiff pursues civil penalties on behalf of the government and receives a twenty-five percent portion of the recovered penalty as a bounty."). In *Echavez v. Abercrombie & Fitch,* CV-11-09754 GAF, this Court approved a settlement involving $340,000 in penalties against the defendant in a seating case brought under the PAGA statute. 2017 U.S. *Echavez v. Abercrombie & Fitch Co.*, 2017 U.S. Dist. LEXIS 141134 (C.D. Cal. Mar. 23, 2017). This Court accepted the parties' agreement that 25% of the penalties ($85,000) be paid to plaintiff Echavez in that case. *Id.* at *10 ("Turning to the proposed payment of $25% of the PAGA penalty to Plaintiff, the Court finds this term reasonable as well. The PAGA representative is entitled to recover 25% of the PAGA penalty."); *see also Adoma v. Univ. of Phoenix, Inc.,* 913 F. Supp. 2d 964, 978 (E.D. Cal. 2012) ("[U]nder Cal. Labor Code § 2699(i), any civil penalties under PAGA must be divided, with 75% paid to the California Labor and Workforce Development Agency and 25% paid to the plaintiff."); *Amaral v. Cintas Corp. No.,* 163 Cal. App. 4th 1157, 1195 (2008) ("If an employee successfully recovers an award of civil penalties, PAGA requires that 75 percent of the recovery be paid to the Labor and Workforce Development Agency, with the remaining 25 percent going to the employee.").

I. The Parties stipulate and agree that the Stipulation and its terms are fair, just, reasonable, adequate, and equitable to Defendant, Conner and the State, and are the product of good faith, and informed arms-length negotiations between the Parties consistent with public policy and fully comply with applicable provisions of law.

J. In advance of this Stipulation, Plaintiff has been provided with an opportunity to discuss this Stipulation with an independent attorney of his choosing. *See* Declaration of David Spivak, Plaintiff's counsel, filed concurrently.

**IV. TERMS AND PROCEDURES OF SETTLEMENT**

IT IS HEREBY STIPULATED AND PROPOSED BY THE PARTIES HERETO AS FOLLOWS:

A. The Parties stipulate and jointly propose that the Court review and approve the terms of Stipulation presented below.

B. The Settlement covers any and all civil penalties claims arising from Conner's allegations in any of his complaints, including those arising from Defendant's alleged retaliation against him for his alleged objections to Labor Code violations and its failures to pay all wages earned, provide rest and meal periods, proper wage statements, and timely wages during and at the conclusion of employment.

C. Upon the approval by the Court of this Settlement Agreement, Plaintiff, on behalf of himself, the State of California, the LWDA and the Aggrieved Employees fully releases and discharges Ferguson and the Released Parties, from any and all individual and representative claims for relief under PAGA, of whatever kind or nature, whether known or unknown, arising during the Covered Period based on the facts alleged by Plaintiff in the Action and Plaintiffs notice letter to LWDA including but not limited to Labor Code sections 98.6, 201-204, 204.1, 204.2, 226, 226.7, 510, 512, 558, 1102.5, 1174, 1194, 1197 and 1198, and Sections 2 and 11 of the applicable IWC Wage Orders, and any resulting claim for attorneys' fees and costs under PAGA (the "Released Claims"). With respect to the Released Claims only, the Parties stipulate and agree that, upon approval by the Court of this Settlement Agreement, Plaintiff shall have, by operation of the judgment and approval order entered by the Court, waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of section 1542 of the California Civil Code, which provides:

11

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF

D. The Stipulation will release Defendant, its current and former, direct and indirect owners, parents, subsidiaries, brother-sister companies, and all other affiliates and related entities, and their current and former partners, employees, attorneys, agents and other related parties (collectively "the Released Parties") from any and all liability under PAGA for civil penalties that do arise, or could arise, from the allegations in Conner's LWDA notice and pleadings to date for the PAGA Period. In order to achieve a full and complete release of such disputes and claims, execution of the Stipulation by Conner effects release by each of the Aggrieved Employees for the PAGA period (including any legal heirs or successors-in-interest) and includes in its effect all claims based on, arising out of, related to, or underlying the PAGA Claim.

E. Defendant agrees to provide non-monetary relief and pay $200,000.00 toward the Stipulation which will be divided among litigation costs, attorneys' fees, and civil penalties (the "Settlement Payment"). There will be no reversion of any part of the Settlement Payment to Defendant. The Settlement Payment will be divided as follows:

1. $100,000 in civil penalties, $25,000 (25%) of which shall be paid to Conner and $75,000 (75%) of which shall be paid to the State of California;

2. $100,000 in attorney's fees and costs to David Spivak of the Spivak Law Firm and Walter Haines of the United Employees Law Group;

G. Defendant shall have no further responsibility for Conner's counsel's fees or costs related to this lawsuit.

H. Defendant shall provide the Meal and Rest Period Reminder and

distribute the Settlement Payment as outlined above within 30 days of "the Effective Date," defined as the earliest date, following entry by the Court of the Judgment, upon which one of the following have occurred: (i) expiration of all potential appeal periods without a filing of a notice of appeal of the Judgment; or (ii) final affirmance of the Judgment by an appellate court as a result of any appeal(s); or (iii) final dismissal or denial of all such appeals (including any petitions for review, rehearing, certiorari, etc.) such that the Judgment is no longer subject to further judicial review.

      I.      Promptly upon execution of the Stipulation (below), the Parties shall jointly apply to the Court via this Stipulation for entry of an order approving the Stipulation as required by Labor Code section 2699(l).

      J.      Upon approval of the Court via this Stipulation, Conner's claims are DISMISSED WITH PREJUDICE, and all rights of appeal by Conner are waived.

## V. MUTUAL COOPERATION

The Parties agree to fully cooperate with each other to accomplish the terms of the Stipulation, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of the Stipulation. The Parties to the Stipulation shall use their best efforts, including all efforts contemplated by the Stipulation and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the Stipulation and the terms set forth herein. As soon as practicable after execution of the Stipulation, Conner's Counsel shall, with the assistance and cooperation of Defendant and their counsel, take all necessary steps to secure the Court's final approval of the Stipulation.

## VI. NO ADMISSION OF LIABILITY OR WRONG DOING

Nothing contained herein, nor the consummation of the Stipulation, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Defendant has entered into the Stipulation

solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## VII. GENERAL TERMS

  A. <u>Parties' Authority</u>

  The signatories hereto represent that they are fully authorized to enter into the Stipulation and bind the Parties hereto to the terms and conditions thereof.

  B. <u>No Prior Assignments</u>

  The Parties to the Stipulation and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged except as set forth herein.

  C. <u>Construction</u>

  The Parties hereto agree that the terms and conditions of the Stipulation are the result of lengthy, intensive, arms-length negotiations between the Parties, and the Stipulation shall not be construed in favor of or against any Party by reason of the extent to which any party or his, her or its counsel participated in the drafting of the Stipulation.

  D. <u>Captions and Interpretations</u>

  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of the Stipulation or any provision hereof. Each term of the Stipulation is contractual and not merely a recital.

  E. <u>Modification</u>

  The Stipulation may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. The Stipulation may not be discharged except by performance in accordance with its terms or by a writing

signed by the Parties hereto.

F. <u>Integration Clause</u>

The Stipulation, including its Exhibits, contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements as to the subject matter of the Stipulation, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

G. <u>Binding on Assigns</u>

The Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

H. <u>Counterparts</u>

The Stipulation may be executed in counterparts and by facsimile signatures, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one settlement, which shall be binding upon and effective as to all Parties.

I. <u>No Reliance on Representations</u>

The Parties have made such investigation of the facts and the law pertaining to the matters described in the Stipulation as they deem necessary, and have not relied, and do not rely, on any statement, promise, or representation of fact or law, made by any of the other Parties, or any of their agents, employees, attorneys, or representatives, with regard to any of their rights or asserted rights, or with regard to the advisability of making and executing the Stipulation, or with respect to any such matters.

///

J.   Confidentiality

Other than as may be required by law, the Parties and their counsel agree they will not issue press releases, or initiate any contact with the press or public regarding the Stipulation and Conner's counsel will not use the Stipulation for any marketing purposes. Notwithstanding the foregoing, if the Parties or their counsel are contacted by any third party regarding the Stipulation, the Parties and counsel shall state, "The matter was resolved in a manner satisfactory to the parties."

K.   Action to Enforce Agreement

Except as otherwise specifically provided for herein, each party shall bear his or its own attorney fees, costs and expenses, taxable or otherwise, incurred by them in or arising out of the lawsuit and shall not seek reimbursement thereof from any other party to this Stipulation. The Parties agree that pursuant to CCP § 664.6 this court may retain jurisdiction over the parties to enforce the Stipulation until performance in full. In any suit or court action to enforce the terms of the Stipulation, the prevailing party shall be entitled to recover attorney fees and costs.

L.   Option To Void the Settlement

Conner may at his option withdraw from this Stipulation if Defendant fails to timely meet its payment obligations and also fails to timely cure such nonpayment. However, Defendant will be entitled to a credit for any amounts paid against any subsequent judgment.

M.   Time to Cure

In the event that Defendant fails to timely make the Settlement Payment, Plaintiff's counsel shall promptly notify Defendant's counsel, Leslie L. Abbott, Paul Hastings LLP, 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071, Telephone: (213) 683-6000, leslieabbott@paulhastings.com. Defendant shall have five (5) days from the date of notice to cure the nonpayment. If the nonpayment is not cured within the five (5) day period, Plaintiff may bring an action to enforce

the Stipulation.

N.  Governing Law

All terms of the Stipulation shall be governed by and interpreted according to the laws of the State of California, without giving effect to conflict of laws principles.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Stipulation as of the date(s) set forth below:

**IT IS SO AGREED:**

Respectfully submitted,

THE SPIVAK LAW FIRM

Dated: September 28, 2018        By: /s/ David Spivak_____
                                     DAVID SPIVAK
                                     CAROLINE TAHMASSIAN
                                     Attorneys for Plaintiff, RAYMOND CONNER

PAUL HASTINGS LLP

Dated: September 28, 2018        By: /s/ Chris A. Jalian (authorized 9/28/18)
                                     LESLIE L. ABBOTT
                                     CHRIS A. JALIAN
                                     Attorneys for Defendant, FERGUSON ENTERPRISES, INC.